The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUSSELL H. DAWSON, et al<br><br>   Plaintiffs,<br><br> vs.<br><br>SOUTH CORRECTIONAL ENTITY ("SCORE"), et al;<br><br>   Defendants. | NO. 2:19-cv-01987-RSM<br><br>**PLAINTIFFS' MOTION TO COMPEL ANSWER TO REQUEST FOR ADMISSION NO. 2**<br><br>**NOTED ON MOTION CALENDAR: Friday, May 15, 2020** |

INTRODUCTION AND REQUEST FOR RELIEF

Plaintiffs RUSSELL H. DAWSON, Personal Representative of the Estate of Damaris Rodriguez: REYNALDO GIL; JOSE MARTE; A.G; I.G; S.G; D.G.; (hereinafter, "Plaintiffs'), by and through their undersigned counsel, and move for an order compelling Defendant South Correctional Entity ("SCORE") to admit or deny Plaintiffs' Request for Admission No. 2.

This action arises out of the death of Damaris Rodriguez, which was caused by inhumane conditions of confinement and the deprivation of adequate medical care while she was a pre-trial inmate at SCORE jail. Plaintiffs allege that SCORE's booking personnel observed Damaris in an extreme state of psychosis, distress, and physical discomfort but did not facilitate access to medical care. Instead, SCORE placed her in Cell B-05, which was a solitary cell regularly used for the purpose of punishing inmates that SCORE deemed uncooperative or otherwise deserving of

PLAINTIFFS' MOTION TO COMPEL ANSWER
TO RFA NO. 2 - 1
2:19-cv-01987-RSM

**KRUTCH LINDELL BINGHAM JONES, P.S.**
One Union Square
600 University Street, Suite 1701
Seattle, Washington 98101
TEL. 206.682.1505 • FAX 206.467.1823

discipline.[1]  SCORE and NaphCare personnel cavalierly referred to the cells used for this purpose as "cool-off cells."

Plaintiffs allege that Damaris was held for over a day in the "cool-off cell" and did not have access to a bed, mat, or blanket to sleep on.  Furthermore, Plaintiffs allege that bright lights were kept on the entire time she was in the "cool-off cell," which took away Damaris's sense of night and day.  These factors prevented Damaris from sleeping and substantially worsened her mental state.  Due in part to the conditions in B-05, Damaris's mental condition rapidly declined until she was completely unable to eat or drink normally, which caused or worsened the metabolic condition that eventually caused her death.

In order to streamline issues for trial and alleviate the need for investigation and discovery into uncontested issues relating to the conditions of Cell B-05, Plaintiffs served a set of Rule 36 Requests for Admission on SCORE.  Plaintiffs requested that SCORE admit that Damaris was not given a place to sleep in Cell B-05 (RFA No. 1),[2] that the lights were never turned off while Damaris was in Cell B-05 (RFA No. 2), and that Damaris was held in solitary confinement for the entirety of her stay at SCORE (RFA No. 3).  SCORE admitted to the lack of a place to sleep (RFA No. 1), refused to answer whether the lights were kept on (RFA No. 2), and denied that Damaris was kept in solitary confinement (RFA No. 3).

Plaintiffs hereby move to compel an answer to RFA No. 2, which requests SCORE to admit that the lights were never turned off in Cell B-05.

STATEMENT OF FACTS

**A. SCORE objected to, but did not substantively answer, Plaintiffs' Request for Admission No. 2**

---

[1] It bears repeating that Damaris had not been arraigned for—let alone convicted of a crime—so punitive measures of any sort were patently unconstitutional under the 14th Amendment.

[2] Plaintiffs' Requests for Admission and SCORE's Answers thereto are attached to the Declaration of J. Nathan Bingham, at Exhibit A.

PLAINTIFFS' MOTION TO COMPEL ANSWER
TO RFA NO. 2 - 2
2:19-cv-01987-RSM

**KRUTCH LINDELL BINGHAM JONES, P.S.**
One Union Square
600 University Street, Suite 1701
Seattle, Washington 98101
TEL. 206.682.1505 • FAX 206.467.1823

Plaintiffs' Request for Admission No. 2 and SCORE's answer thereto is provided below:

**REQUEST FOR ADMISSION NO. 2:** Admit that the during the entire time period Damaris Rodriguez was incarcerated in Cell B-05 at SCORE from on or about December 30, 2017 through December 31, 2017, the lights remained on in her cell.

**ANSWER:** Defendant objects to this request as vague and ambiguous as to the precise time period and cell intended to be addressed by the request. Subject to and without waving this objection, Defendant has made reasonable inquiry and the information it knows or can readily obtain at this time is insufficient to enable it to admit or deny this request at this time. Discovery has just commenced in this matter, SCORE's investigation is ongoing, and SCORE reserves the right to amend or supplement this answer.

Bingham Decl., Exh. A.

**B. Damaris's stay in Cell B-05 was video recorded, so it is easily possible to determine precisely when the lights were on**

The entirety of Damaris's stay in B-05 is captured on video of sufficient quality to tell when lights are on or off.



*At 3:03pm on December 30, 2017, a barely conscious Damaris is dragged into Cell B-05. The lights are on.*

Bingham Decl, Exh. B.



*At 3:48am on December 31, 2017, Damaris kneels on the floor and Cell B-05. Damaris spent most of the night naked and without a blanket, so this image is redacted. The lights are still on.*

Bingham Decl., Exh. C.

PLAINTIFFS' MOTION TO COMPEL ANSWER
TO RFA NO. 2 - 3
2:19-cv-01987-RSM

KRUTCH LINDELL BINGHAM JONES, P.S.
One Union Square
600 University Street, Suite 1701
Seattle, Washington 98101
TEL. 206.682.1505 • FAX 206.467.1823

*At 21:13am on December 31, 2017, a SCORE corrections officer throws a confused Damaris to the floor before moving her to a different cell. The lights are still on.*

Bigham Decl., Exh. D.

The above screenshots reflect the beginning, middle, and end of Damaris's stay in Cell B-05. Plaintiffs are unaware of any point in the video at which the lighting appreciably changes.

**C. Plaintiffs satisfied the meet and confer requirement of LCR 37**

On April 23, 2020, Plaintiffs' counsel discussed this matter in good faith during a phone call with SCORE's counsel that was scheduled specifically for this purpose. Bingham Decl., ¶¶2-3. In that conversation, SCORE's counsel expressed his opinion that SCORE does not need to describe in detail its inability to answer or deny the request, and conveyed the message that SCORE was unable to tell from the videos whether or not the lights are on.[3]

## ISSUES

Whether SCORE failed to admit, deny, or describe why it is unable to admit or deny RFP No. 2.? **Yes.**

## EVIDENCE RELIED UPON

Plaintiffs rely on the declaration of J. Nathan Bingham and the pleadings on file herein.

---

[3] It is undebatably evident in SCORE's surveillance videos when the lights are turned on or off, so Plaintiffs will be surprised if SCORE maintains this argument. To preempt an argument by SCORE disputing whether the lighting conditions are ascertainable from the surveillance video, Plaintiffs also submit—for purposes of comparison—a frame-by-frame video sequence from a different cell illustrating how switching the lights on and off appears on SCORE's surveillance system. Bingham Decl., Exh. E.

PLAINTIFFS' MOTION TO COMPEL ANSWER
TO RFA NO. 2 - 4
2:19-cv-01987-RSM

KRUTCH LINDELL BINGHAM JONES, P.S.
One Union Square
600 University Street, Suite 1701
Seattle, Washington 98101
TEL. 206.682.1505 • FAX 206.467.1823

ARGUMENT

**A. Fed. R. Civ. P. 36 requires SCORE to admit, deny, or describe why it is unable to admit or deny**

Pursuant to Rule 36(a)(1)(A), a party may serve on any other party a written request to admit the truth of any matters withing the scope of Rule 26(b)(1) relating to the fact, the application of law to facts, or opinions about either. If the responding party does not admit the matter,

> [T]he answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it… The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Rule 36(a)(4).

A party may not "avoid admitting or denying a proper request for admission by simply tracking the language of Rule 36(a)" and claiming that the party made a reasonable inquiry that the information necessary to admit or deny was not readily obtainable. *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981). An answer claiming reasonable inquiry must state specifically what efforts have been made to obtain requisite knowledge or why reasonable efforts would be futile. *Napolitano v. Synthes* USA, LLC, 297 F.R.D. 194, 199 (D. Conn. 2014) (requiring an answering party to state specifically what efforts have been made or why reasonable efforts would be unavailing to obtain the requisite knowledge); *Al-Jundi v. Rockefeller*, 91 F.R.D. 590, 594 (W.D.N.Y. 1981) (requiring a answering party to state specifically what efforts have been made or why reasonable efforts would be unavailing to obtain he requisite knowledge); *United States Sec. & Exch. Comm'n v. Stifel*, No. 11-C-0755, 2016 WL 4471859, at *2 (E.D. Wis. Aug. 24, 2016) (unpublished) (rejecting antiquated argument that a party could avoid answering with a mere statement that it made a reasonable inquiry and the information obtained was insufficient.)

PLAINTIFFS' MOTION TO COMPEL ANSWER
TO RFA NO. 2 - 5
2:19-cv-01987-RSM

KRUTCH LINDELL BINGHAM JONES, P.S.
One Union Square
600 University Street, Suite 1701
Seattle, Washington 98101
TEL. 206.682.1505 • FAX 206.467.1823

"The purpose of Rule 36(a) is to expedite trial by establishing certain material facts as true and thus narrowing the range of issues for trial." *Asea*, 669 F.2d at 1245 (citing *Keen v. Detroit Diesel Allison*, 569 F.2d 547, 554 (10th Cir. 1978); *Webb v. Westinghouse Electric Corp.*, 81 F.R.D. 431, 436 (E.D.Pa.1978)).  Where a party fails to admit or deny a proper request for admission, the court may order an amended answer or order the answer admitted.  *Asea, Inc.*, 669 F.2d at 1247.

**B. SCORE failed to substantively answer or explain in detail why it did not substantively answer RFP No. 2**

SCORE did admit or deny RFP No. 2.  Instead, SCORE generically declared that it had made a reasonable inquiry but had insufficient information to admit or deny the RFA.  Because SCORE failed to explain what efforts it made to obtain the requisite knowledge, its bare assertion that it made a reasonable inquiry is defective.  *Napolitano*, 297 F.R.D. at 199.  Furthermore, based on the evidence presently available to Plaintiffs—such as the surveillance video—it seems evident that SCORE did not actually make a reasonable inquiry into this matter.  Therefore, SCORE's response does not comply with Rule 36 and should be amended.

CONCLUSION

Was the switch on or was the switch off?  RFP No. 2 poses a very simply question with a "yes/no" answer.

It would be a waste of Court resources for SCORE to force Plaintiffs to prove an uncontested issue at trial; this is precisely why Rule 36 exists.  If SCORE is unwilling to admit that the lights in Cell B-05 stayed on all night, then SCORE should have to deny the RFA and risk exposure to the fees and costs that Plaintiffs incur to prove this matter, pursuant to Rule 37(c)(2).  Accordingly, Plaintiffs respectfully request that the Court order SCORE to admit or deny RFA No. 2.

PLAINTIFFS' MOTION TO COMPEL ANSWER
TO RFA NO. 2 - 6
2:19-cv-01987-RSM

**KRUTCH LINDELL BINGHAM JONES, P.S.**
One Union Square
600 University Street, Suite 1701
Seattle, Washington 98101
TEL. 206.682.1505 • FAX 206.467.1823

Respectfully submitted this 30th day of April, 2020.

KRUTCH LINDELL BINGHAM JONES, P.S.

By: s/ J. Nathan Bingham, WSBA #46325
    J. Nathan Bingham, WSBA #46325
    Jeffrey C. Jones, WSBA #7670
    James T. Anderson, WSBA #40494
    One Union Square
    600 University Street, Suite 1701
    Seattle, Washington 98101
    Telephone: (206) 682-1505
    Facsimile: (206) 467-1823
    Email: jnb@krutchlindell.com
    jcj@krutchlindell.com
    jta@krutchlindell.com

TERRELL MARSHALL LAW GROUP PLLC

By: s/ Maria Hoisington-Bingham, WSBA #51493
    Toby J. Marshall, WSBA #32726
    Maria Hoisington-Bingham, WSBA #51493
    936 North 34th Street, Suite 300
    Seattle, Washington 98103-8869
    Telephone: (206) 816-6603
    Facsimile: (206) 319-5450
    Email: tmarshall@terrellmarshall.com
    mhoisington@terrellmarshall.com

*Attorneys for Plaintiffs*

PLAINTIFFS' MOTION TO COMPEL ANSWER
TO RFA NO. 2 - 7
2:19-cv-01987-RSM

**KRUTCH LINDELL BINGHAM JONES, P.S.**
One Union Square
600 University Street, Suite 1701
Seattle, Washington 98101
TEL. 206.682.1505 • FAX 206.467.1823

# CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on this date I caused to be served in the manner indicated a copy of the foregoing document upon the following persons:

| | |
|---|---|
| Stewart Andrew Estes<br>KEATING BUCKLIN McCORMACK INC. PS<br>sestes@kbmlawyers.com<br>lwalker@kbmlawyers.com<br>tcaceres@kbmlawyers.com<br><br>John E. Justice<br>LAW LYMAN DANIEL KAMERRER & BOGDANOVICH<br>jjustice@lldkb.com<br>lisa@lldkb.com<br>tam@lldkb.com<br><br>*Attorneys for Defendant South Correctional Entity* | [ ] Via First Class Mail, postage prepaid<br>[ ] Via Facsimile<br>[ ] Via Messenger<br>[X] Via E-Mail/E-Service |
| Heidi Mandt<br>WILLIAMS KASTNER<br>hmandt@williamskastner.com<br>lpavey@williamskastner.com<br><br>*Attorneys for Defendants NaphCare, Inc., Rebecca Villacorta, Henry Tambe, Nancy Whitney, Billie Stockton, Brittany Martin, Jessica Lothrop, Brooke Wallace, Sally Mukwana, Joan Kosanke, Rita Whitman and Virginia Richardson* | [ ] Via First Class Mail, postage prepaid<br>[ ] Via Facsimile<br>[ ] Via Messenger<br>[X] Via E-Mail/E-Service |
| Daniel L. Kinerk<br>Raam Wong<br>KING COUNTY PROSECUTOR'S OFFICE<br>dan.kinerk@kingcounty.gov<br>raam.wong@kingcounty.gov<br>jennifer.klein@kingcounty.gov<br>hfung@kingcounty.gov<br>alindsey@kingcounty.gov<br>nadia.rizk@kingcounty.gov | [ ] Via First Class Mail, postage prepaid<br>[ ] Via Facsimile<br>[ ] Via Messenger<br>[X] Via E-Mail/E-Service |

PLAINTIFFS' MOTION TO COMPEL ANSWER
TO RFA NO. 2 - 8
2:19-cv-01987-RSM

**KRUTCH LINDELL BINGHAM JONES, P.S.**
One Union Square
600 University Street, Suite 1701
Seattle, Washington 98101
TEL. 206.682.1505 • FAX 206.467.1823

| | |
|---|---|
| *Attorneys for Defendants King County, Leland Adams, Raul Adams and Alan Tag* | |

Signed in Seattle, Washington on the 30th day of April, 2020.

*Karmen L. Agnew*
Karmen L. Agnew, Paralegal
Krutch Lindell Bingham Jones, P.S.
600 University Street, Suite 1700
Seattle, WA  98104
Phone:  (206) 682-1505
Fax:     (206) 467-1823
Email:  karmen@krutchlindell.com

PLAINTIFFS' MOTION TO COMPEL ANSWER
TO RFA NO. 2 - 9
2:19-cv-01987-RSM