Hon. Ricardo Martinez

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUSSEL H. DAWSON, PERSONAL REPRESENTATIVE OF THE ESTATE OF DAMARIS RODRIGUEZ; REYNALDO GIL; JOSE MARTE; A.R.; I.R.; S.R.; D.R., | NO.  2:19-cv-01987-RSM |
| | STIPULATED PROTECTIVE ORDER |
| Plaintiffs, | |
| vs. | |
| SOUTH CORRECTIONAL ENTITY ("SCORE"), et al., | |
| Defendants. | |

## I.        PURPOSES AND LIMITATIONS

The parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order regarding certain produced records.  The parties acknowledge that this agreement is consistent with LCR 26(c).  It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

## II.        "CONFIDENTIAL" MATERIAL

"Confidential" material may include the following documents and tangible things produced or

**STIPULATED PROTECTIVE ORDER – 1**

Cause No.:  2:19-cv-01987-RSM

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

otherwise exchanged:

- SCORE Jail videos that show other inmates.

Information relating to the nature of SCORE's surveillance systems and other material relating to:

- maps of SCORE's surveillance systems,
- diagrams of SCORE's surveillance systems,
- blueprints of SCORE's surveillance systems,
- other visual depictions of the location of SCORE's surveillance systems,
- policies relating to SCORE's surveillance systems,
- procedures relating to SCORE's surveillance systems,
- training materials relating to SCORE's surveillance systems,
- invoices for the installation or maintenance of SCORE's surveillance systems,
- receipts for the installation or maintenance of SCORE's surveillance systems,
- contracts for the installation or maintenance of SCORE's surveillance systems,
- correspondence relating to the installation or maintenance of SCORE's surveillance systems,
- and other documents related to the installation or maintenance of SCORE's surveillance systems

- produced in response to  Interrogatory No. 17, RFP No. 28, RFP No. 29, and/or RFP No. 31."

### III.    SCOPE

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

### IV.    ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

**1.    Basic Principles.**

A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.   Confidential material may be disclosed only to the categories of persons and under the

**STIPULATED PROTECTIVE ORDER – 2**

Cause No.:  2:19-cv-01987-RSM

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

conditions descried in this agreement.  Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

**2.    Disclosure of "CONFIDENTIAL" Information or Items.**

Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    The receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    Experts and consultants to whom disclosure is reasonably necessary for this litigation;

(c)    The court, court personnel, and court reporters and their staff;

(d)    Copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(e)    During their depositions, witnesses in the action to whom disclosure is reasonably necessary unless otherwise agreed by the designating party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement; and

(f)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**3.    Filing Confidential Material.**

**STIPULATED PROTECTIVE ORDER – 3**

Cause No.:  2:19-cv-01987-RSM

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## V.      DESIGNATING PROTECTED MATERIAL

**1.      Exercise of Restraint and Care in Designating Material for Protection.**

Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

**2.      Manner and Timing of Designations.**

**STIPULATED PROTECTIVE ORDER – 4**

Cause No.:  2:19-cv-01987-RSM

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

Except as otherwise provided in this agreement (*see e.g.* second paragraph of section V.2.A below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

A.   *Information in Documentary Form.*

The designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material, including, but not limited to, paper and electronic documents and deposition exhibits (but excluding transcripts of depositions or other pretrial or trial proceedings).  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

B.   *Testimony Given in Deposition or in Other Pretrial or Trial Proceedings.*

The parties must identify on the record, during the deposition, hearing, or other proceeding, all protected testimony, without prejudice to their right to so designate other testimony after reviewing the transcript.  Any party or non-party may, within fifteen days after receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential.

C.   *Other Tangible Items.*

The producing party must affix a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

**3.   Inadvertent Failures to Designate.**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

material.  Upon timely correction of a designation, the receiving party must make reasonable efforts to

ensure that the material is treated in accordance with the provisions of this agreement.

## VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

**1.    Timing of Challenges.**

Any party or non-party may challenge a designation of confidentiality at any time.  Unless a

prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable,

substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation,

a party does not waive its right to challenge a confidentiality designation by electing not to mount a

challenge promptly after the original designation is disclosed.

**2.    Meet and Confer.**

The parties must make every attempt to resolve any dispute regarding confidential designations

without court involvement.  Any motion regarding confidential designations or for a protective order must

include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good

faith meet and confer conference with other affected parties in an effort to resolve the dispute without

court action.  The certification must list the date, manner, and participants to the conference.  A good faith

effort to confer requires a face-to-face meeting or a telephone conference.

**3.    Judicial Intervention.**

If the parties cannot resolve a challenge without court intervention, the designating party may file

and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil

Rule 5(g), if applicable).  The burden of persuasion in any such motion shall be on the designating party.

Frivolous challenges, and those made for an improper purpose (*e.g.* to harass or impose unnecessary

expenses and burdens on other parties) may expose the challenging party to sanctions.  All parties shall

**STIPULATED PROTECTIVE ORDER – 6**

Cause No.:  2:19-cv-01987-RSM

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

continue to maintain in question as confidential for two weeks following the applicable meet and confer, or if the designating party files a motion within two weeks of the meet and confer, then until the court rules on the challenge.

## VII.   PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately:

(a)     Notify in writing the designating party of the unauthorized disclosures;

(b)     Use its best efforts to retrieve all unauthorized copies of the protected material; and

(c)     Inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement.

## IX.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Fed. R. Civ. Proc. 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review.  Parties shall confer on an appropriate non-waiver order under Fed. R. Evid. 502.

## X.   NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all confidential material to the producing party, including all copies, extracts and summaries thereof or destroy them.  Notwithstanding this provision, counsel are entitled to retain one archival copy of all

**STIPULATED PROTECTIVE ORDER – 7**

Cause No.:  2:19-cv-01987-RSM

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

1 documents exchanged in discovery, filed with the court, trial, deposition, and hearing transcripts,

2 correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and

3 expert work product, even if such materials contain confidential material.

4 The confidentiality obligations imposed by this agreement shall remain in effect until a designating

5 party agrees otherwise in writing or a court orders otherwise.

6

7 IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8 KRUTCH LINDELL BINGHAM JONES, P.S.

9     *s/ Nathan Bingham*
    *s/ Jeffrey C. Jones*
10     *s/ James T. Anderson*

11 _____
J. Nathan Bingham, WSBA #46325
12 Jeffrey C. Jones, WSBA #7670
James T. Anderson, WSBA #40494
13 Attorneys for Plaintiffs

14

15 TERRELL MARSHALL LAW GROUP PLLC

16     *s/ Toby J. Marshall*
    *s/ Maria Hoisington-Bingham*
17 _____
18 Toby J. Marshall, WSBA #32726
Maria Hoisington-Bingham, WSBA #51493
19 Attorneys for Plaintiffs

20 LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.
21

22     *s/ John E. Justice*

23 _____
John E. Justice, WSBA № 23042
24 Attorney for SCORE Defendants

25

26

**STIPULATED PROTECTIVE ORDER – 8**

Cause No.:  2:19-cv-01987-RSM

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA 98512*
*P.O. BOX 11880 OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

1    KEATING, BUCKLIN & MCCORMACK, INC., P.S.

2         *s/ Stewart A. Estes*

3    _____
     Stewart A. Estes, WSBA #15535
4    Attorneys for SCORE Defendants

5
     WILLIAMS KASTNER
6
          *s/ Heidi L. Mandt*
7
     _____
8    Heidi L. Mandt, WSBA #26880
     Attorneys for NaphCare, Inc. Defendant
9

10   KING COUNTY PROSECUTING ATTORNEY

11        *s/ Daniel Kinerk*
          *s/ Raam Wong*
12
     _____
13   Daniel Kinerk, WSBA No. 13537
     Raam Wong, WSBA No. 45486
14   Senior Deputy Prosecuting Attorneys
     Attorneys for King County Defendants
15
     PURSUANT TO STIPULATION, IT IS SO ORDERED.
16
17   DATED this 11ᵗʰ day of August, 2020.

18

19

20   _____

21   RICARDO S. MARTINEZ
     CHIEF UNITED STATES DISTRICT JUDGE
22

23

24

25

26

**STIPULATED PROTECTIVE ORDER – 9**

Cause No.:  2:19-cv-01987-RSM

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*