UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUSSEL H. DAWSON, Personal Representative of the Estate of Damaris Rodriguez, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>SOUTH CORRECTIONAL ENTITY ("SCORE"), a Governmental Administrative Agency, et al.,<br><br>Defendants. | CASE NO. C19-1987RSM<br><br>ORDER GRANTING MOTION TO COMPEL ANSWER TO RFA NO. 2 |

This matter comes before the Court on Plaintiffs' "Motion to Compel Answer to Request for Admission No. 2," Dkt. #62. Defendants oppose. Dkt. #64.

Plaintiffs in this case are Russel Dawson, personal representative of the estate of Damaris Rodriguez, Ms. Rodriguez's husband Reynaldo Gil, and their children. Dkt. #49. Defendants are South Correctional Entity Jail ("SCORE"), NaphCare, Inc., and roughly two dozen individuals associated with the jail and/or NaphCare. *Id.*

On December 30, 2017, Ms. Rodriguez had a mental health emergency while at her home in SeaTac. *Id.* Her husband, Reynaldo Gil, called 911 and requested medical assistance. The police arrived and, due to a confrontation of some kind, arrested Ms. Rodriguez.

ORDER GRANTING MOTION TO COMPEL ANSWER TO RFA NO. 2 - 1

Ms. Rodriguez was taken directly to SCORE. SCORE's medical personnel were provided by NaphCare, a for-profit, in-custody, medical contractor.

The Amended Complaint alleges that Ms. Rodriguez was severely mistreated at the hospital and denied adequate medical care. The details of this treatment, while central to Plaintiffs' claims, are not central to the instant Motion. Ms. Rodriguez allegedly developed ketoacidosis and died in custody four days later. *Id*.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to… facts, the application of law to fact, or opinions about either…." Fed. R. Civ. P. 36(a). The rule goes on to state:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable

>inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

The requesting party may move to determine the sufficiency of an answer. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer be served. Fed. R. Civ. P. 36(a)(6).

This Motion deals only with Plaintiffs' Request for Admission ("RFA") No. 2: "Admit that the [sic] during the entire time period Damaris Rodriguez was incarcerated in Cell B-05 at SCORE from on or about December 30, 2017 through December 31, 2017, the lights remained on in her cell." Dkt. #63 at 6. Defendant SCORE essentially answered that it had made a reasonable inquiry, that discovery was ongoing, and that it had insufficient information to enable it to admit or deny at the time. *Id*.

Plaintiffs argue SCORE has failed to adequately explain why it has insufficient information to enable it to admit or deny this seemingly straightforward question. Dkt. #62 at 6. Plaintiffs cite to *Asea, Inc. v. S. Pac. Transp. Co.*, 669 F.2d 1242, 1246 (9th Cir. 1981) for the proposition that a party may not "avoid admitting or denying a proper request for admission by simply tracking the language of Rule 36(a)" and claiming that the party made a reasonable inquiry without further explanation. *Id*. at 5. Plaintiffs point to screenshots of cell and hallway surveillance footage to demonstrate that video should exist showing not only whether the lights were on or off but whether the light switch was touched during the relevant time period. *See* Dkts. #63 and #67.

Defendants argue "there is no history of discovery disputes brought before this Court and the holding in *Asea* should not be read to invalidate every defendant's answer to a request

ORDER GRANTING MOTION TO COMPEL ANSWER TO RFA NO. 2 - 3

for admission that complies with the Rule in the absence of some evidence that a 'reasonable inquiry' was, in fact, not made." Dkt. #64 at 5.

Plaintiffs have demonstrated that Defendants should be able to answer this question, and that therefore Defendants' answer does not comply with Rule 36.  Whether the lights remained on is answerable by looking at one or more video recordings and using deductive reasoning.  This may not have been entirely clear to Defendants at the time the RFA was answered, and Plaintiffs have not demonstrated a failure to make a reasonable inquiry.  Accordingly, the Court finds that the appropriate relief is to order that an amended answer be served after Defendants have reviewed the evidence consistent with the methodology in Plaintiffs' briefing.  If Defendants are unable to admit or deny, they must provide a detailed explanation of their investigative efforts making reference to the video surveillance footage mentioned by Plaintiffs.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion to Compel, Dkt. #62, is GRANTED.  Defendants are to provide Plaintiffs with an amended answer to RFA No. 2 no later than **14 days** after the date of this Order.

DATED this 18th day of August, 2020.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE