UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RUSSELL H. DAWSON, Personal Representative of the Estate of Damaris Rodriguez, et al.,

Plaintiffs,

v.

SOUTH CORRECTIONAL ENTITY ("SCORE"), a Governmental Administrative Agency, et al.,

Defendants.

CASE NO. C19-1987RSM

ORDER GRANTING MOTION TO COMPEL DISCOVERY RELATED TO NAPHCARE'S INSURANCE COVERAGE AND ASSETS

This matter comes before the Court on Plaintiffs' "Motion to Compel Discovery Related to Naphcare's Insurance Coverage and Assets," Dkt. #74. Defendant Naphcare opposes. Dkt. #76. After reviewing the attached declarations of counsel, the Court has determined that Plaintiffs have satisfied LCR 37's meet and confer requirement and that oral argument is unnecessary.

Plaintiffs in this case are Russell Dawson, personal representative of the estate of Damaris Rodriguez, Ms. Rodriguez's husband Reynaldo Gil, and their children. Dkt. #49. Defendants are South Correctional Entity Jail ("SCORE"), NaphCare, Inc., and roughly two dozen individuals associated with the jail and/or NaphCare. *Id*.

On December 30, 2017, Ms. Rodriguez had a mental health emergency while at her home in SeaTac. *Id*. Her husband, Reynaldo Gil, called 911 and requested medical assistance. The police arrived and, due to a confrontation of some kind, arrested Ms. Rodriguez.

Ms. Rodriguez was taken directly to SCORE. SCORE's medical personnel were provided by NaphCare, a for-profit, in-custody, medical contractor.

The Amended Complaint alleges that Ms. Rodriguez was severely mistreated at the hospital and denied adequate medical care. The details of this treatment, while central to Plaintiffs' claims, are not central to the instant Motion. Ms. Rodriguez allegedly developed ketoacidosis and died in custody four days later. *Id*. The Amended Complaint includes claims for *inter alia,* negligence and civil rights claims under § 1983, and seeks punitive damages against NaphCare. Dkt. #49 at ¶¶ 242-248 and ¶ 288.

On January 22, 2020, Plaintiffs served their first set of interrogatories and requests for production on NaphCare, which included Requests for Production ("RFP") 6-10, the subject of the instant Motion:

> RFP NO. 6: Produce NaphCare Inc.'s balance sheets from 2007 until present day.
>
> RFP NO. 7: Produce NaphCare, Inc.'s quarterly and year end reports from 2007 until present day.
>
> RFP NO. 8: Produce NaphCare, Inc.'s year end reports (also known as annual reports or end of year reports) and/or other documents reflecting Key Performance Indicators (also known as KPI) from 2007 until present day.
>
> RFP NO. 9: Produce NaphCare, Inc.'s income statements and/or profit & loss statements from 2007 until present day.
>
> RFP NO. 10: Produce all documents NaphCare, Inc. provided to shareholders, owners, directors, and/or members relating to NaphCare, Inc.'s financial condition from 2007 until present day. This includes but is not limited to business prospectuses, pamphlets and brochures.

NaphCare responded to each of the above requests with the same objections:

> RESPONSE: NaphCare objects to this request on the basis that the request is overbroad as to time and the requested information is not relevant at this stage of the litigation. Furthermore, as NaphCare is entitled to the benefit of its insurance coverages including, but not limited to, punitive damages, the information requested is not relevant and is not reasonably calculated to lead to the further discovery of admissible evidence. Finally, NaphCare is a privately held corporation and objects to, and will not be, producing the requested information, in whatever form it may exist, absent court order requiring it do so.

Dkt. #75-1 ("Bingham Decl."), ¶4, Exh. A.

On November 4, 2020, Plaintiffs served their fourth set of interrogatories and requests for production on NaphCare, which included Interrogatory No. 14; NaphCare served its responses on December 4, 2020:

> INTERROGATORY NO. 14: Do any insurance or indemnification policies or agreements exist that may satisfy part or all of a judgment that may be entered in this action; or to indemnify or reimburse for payments made to satisfy such judgment? If so, please state as to each insurance agreement or policy its complete contents, including:
>
> (a) Name, address and telephone number of insurer or indemnitor;
> (b) Name, address and telephone number of each named insured or indemnitee;
> (c) Each type of coverage provided;
> (d) Limits of each type of coverage provided;
> (e) Amount of deductible as to each coverage;
> (f) Policy period coverage;
> (g) Policy number.
> (h) If any portion of any policy has been partially or totally exhausted, specify the amount exhausted and amount remaining for each policy and/or type of coverage for each policy.
>
> ANSWER: See NAPHCARE000001-NAPHCARE000068 produced on or about January 21, 2020. NaphCare objects to providing the information sought by item (h) as it is not information subject to disclosure by Rule 26, is not proportional to the needs of the case, would not otherwise be admissible under

> Rule 411 of the Federal Rules of Evidence and is not reasonably calculated to lead to the further discovery of admissible evidence.

Bingham Decl., ¶5, Exh. B.

The documents referenced in NaphCare's Answer to Interrogatory 14 are the insurance policy documents. Bingham Decl., ¶6. Those documents indicate that NaphCare has $1,000,000 in coverage per incident for professional liability claims and $1,000,000 per incident for general liability claims with an additional $5,000,000 in excess coverage. *Id.*, ¶7-8. However, Plaintiffs believe "NaphCare's policy limits for this claim are shared by numerous facilities nationwide" and cite to NaphCare's website indicating work in as many as 80 facilities. *Id.*, ¶¶10-12.

This case is still in the discovery stage. Defendants have not moved to dismiss the Amended Complaint or moved for summary judgment on the issue of punitive damages.

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). If requested discovery is not answered, the requesting party may move for an order compelling such discovery. Fed. R. Civ. P. 37(a)(1). The party that resists discovery has the burden to show why the discovery request should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

A defendant's net worth and financial condition is relevant to the issue of punitive damages. *See, e.g.*, *TXO Production Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 462 and n. 28, 464 (1993) (noting that it is "well-settled" that a defendant's "net worth" is a factor that is "typically considered in assessing punitive damages"). Such information can be obtained at any

point in discovery that is not bifurcated by the Court, and Plaintiffs need not make a prima facie case or survive summary judgment in order to obtain it. As one Court in California stated, "the requirement that claimants establish a prima facie case applies to the admissibility of evidence about financial status, not its discoverability. The discoverability of information is governed by whether it would be relevant, not by whether the information discovered would be admissible at trial." *Natural-Immunogenics Corp. v. Newport Trial Grp.*, 2017 U.S. Dist. LEXIS 224428, *16, 2017 WL 10562987 (C.D. Cal. 2017) (citing *CEH, Inc. v. FV SEAFARER*, 153 F.R.D. 491, 498-99 (D. R.I. 1994) (citations omitted)).

Plaintiffs argue that they will be asking for an award at trial sufficient to punish and deter NaphCare, and that therefore "a complete understanding of NaphCare's financial circumstances and potential for indemnification will likely be admissible." Dkt. #74 at 5. Plaintiffs maintain that the information sought is proportionate to the needs of the case, and that the requested documents "are all standard accounting documents will not be burdensome to locate and produce." *Id*. at 10–11.

NaphCare argues that it complied with its disclosure obligations under Rule 26 related to insurance and that should suffice. Dkt. #76 at 5. NaphCare argues that its financial information will be relevant to the issue of punitive damages only if Plaintiffs can make a prima facie showing that they are entitled to such damages. *Id*. at 6–7.

The Court finds that the majority of the discovery sought in the above RFPs and interrogatory is relevant to Plaintiffs' claims for punitive damages, not privileged, and proportional to the needs of this case. There is no legal basis to require Plaintiffs to make a prima facie showing as to punitive damages, nor has discovery in this case been bifurcated. What NaphCare has been required to disclose under Rule 26 is irrelevant as to its requirement to respond to RFPs and interrogatories. The Court agrees with NaphCare that Plaintiffs' requests

are overbroad as to time and will limit such requests to the last three years that data is available (*i.e.*, 2018, 2019, 2020). *See* Dkt. #76 at 10 (citing cases). The Court further agrees that RFP No. 10 is overbroad and not particularly relevant to the information that Plaintiffs need for their punitive damages claim—Plaintiffs do not need to understand all the financial workings of NaphCare. NaphCare need not produce documents in response to this RFP. Producing the remaining information should not be overly burdensome and it is likely to have a significant benefit now to Plaintiffs' understanding of the value of their claims and for the parties to pursue settlement.

The Court finds that sanctions are not warranted at this time, as no party has violated a Court order or otherwise engaged in egregious conduct related to discovery.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion to Compel, Dkt. #74, is GRANTED. Defendants are to provide Plaintiffs with full and complete responses to RFPs No. 6 through 9, limited to the last three years of available data, and to Interrogatory No. 14, no later than **14 days** after the date of this Order.

DATED this 5th day of March, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE