The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUSSELL H. DAWSON, et al<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>SOUTH CORRECTIONAL ENTITY ("SCORE"), et al;<br><br>　　　　　Defendants. | NO. 2:19-cv-01987-RSM<br><br>PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT ON VICARIOUS LIABILITY AND COMPARATIVE FAULT<br><br>NOTE ON MOTION CALENDAR: MAY 21, 2021 |

I.　　INTRODUCTION

This case arises out of the wrongful arrest, confinement, and deprivation of medical care for Damaris Rodriguez at the South Correctional Entity Jail ("SCORE"). Plaintiffs have brought numerous claims including common law tort claims against SCORE and its medical contractor, NaphCare, Inc. ("NaphCare").

Pursuant to Fed. R. Civ. P. 56, Plaintiffs hereby move for:

1. A summary judgment order finding SCORE vicariously liable for the tort liability of NaphCare and NaphCare employees that occurred while providing services under the SCORE/NaphCare Health Services Agreement.[1]

---

[1] Plaintiffs have brought both direct and vicarious liability claims against SCORE. Plaintiffs acknowledge the existence of questions of fact regarding those direct liability claims and are therefore only bringing this motion on SCORE's vicarious tort liability for NaphCare's tortious conduct. Plaintiffs are bringing this motion in the earlier

PLAINTIFFS' PARTIAL MOTION FOR SUMMARY
JUDGMENT ON VICARIOUS LIABILITY AND
COMPARATIVE FAULT - 1
2:19-cv-01987-RSM

KRUTCH LINDELL BINGHAM JONES, P.S.
3316 Fuhrman Ave E
Suite 250
Seattle, Washington 98102
TEL. 206.682.1505 • FAX 206.467.1823

2. A summary judgment order on comparative fault, finding the decedent and Plaintiffs fault-free.

II. STATEMENT OF FACTS

**A. Facts Related to SCORE's Vicarious Liability for NaphCare's Conduct**

SCORE hired NaphCare to provide medical, mental health, and dental care for inmates at SCORE jail. These services were "under the terms and conditions" of the Health Services Agreement. Dkt. 82, Bingham Decl., ¶12, Exh. K (Health Services Agreement: Recitals at p. 1.) Within the scope of NaphCare's responsibilities were: regular and professional "medical, mental health, dental and related healthcare and administrative services, including a program for preliminary screening of Inmates upon arrival at the Facility, a comprehensive health evaluation of each Inmate following admission to the Facility, regularly scheduled sick call, nursing coverage, regular physician visits on site, infirmary care, hospitalization, medical specialty services, emergency medical care, medical records management, pharmaceutical management services, health education and training services, a quality assurance program, administrative support services, and other services, all as more specifically described [in NaphCare's Proposal]." *Id.,* ¶1.2. The tasks of arranging for specialty services (including laboratory services), emergency services, and hospital services were also specifically delegated to NaphCare.

Under the Health Services Agreement, SCORE also retained control over numerous aspects of how NaphCare provides its services at SCORE. In particular:

- NaphCare must follow NCCHC standards. *Id.,* ¶1.1.
- NaphCare must provide staffing at the specifically defined levels. *Id.,* ¶1.9.
- NaphCare must follow the terms specifically set forth in its Proposal. *Id.,* ¶1.7.
- SCORE has the right to approve/disapprove of any and all of NaphCare's hiring of personnel at SCORE and assignment of personnel to SCORE. *Id.,* ¶2.4(B).

---

stages of litigation for the purpose of limiting the need for further discovery (and anticipated litigation related thereto) relating to apparent authority.

PLAINTIFFS' PARTIAL MOTION FOR SUMMARY
JUDGMENT ON VICARIOUS LIABILITY AND
COMPARATIVE FAULT - 2
2:19-cv-01987-RSM

KRUTCH LINDELL BINGHAM JONES, P.S.
3316 Fuhrman Ave E
Suite 250
Seattle, Washington 98102
TEL. 206.682.1505 • FAX 206.467.1823

- SCORE retained the right to approve/disapprove any and all of NaphCare's subcontractors at SCORE. *Id.,* ¶2.7(B).
- SCORE is responsible for running background checks on each NaphCare employee and subcontractor employee. *Id.,* ¶11.3.
- A process exists for SCORE to cause specific NaphCare personnel at SCORE to be terminated. *Id.,* ¶2.4.
- SCORE retained control over the manner in which medical records are kept by requiring that NaphCare follows SCORE policies relating to medical records, and SCORE also retained a property interest in all of NaphCare's medical records for SCORE inmates. *Id.,* ¶5.1.
- NaphCare must make a summary of its records for each inmate available when the inmate is transferred from SCORE to a different facility. *Id.,* ¶5.1.
- NaphCare must regularly report to SCORE on matters relating to care and services. *Id.,* ¶5.4.
- The parties preemptively agreed to share information related to claims stemming from NaphCare's services. *Id.,* ¶5.7.
- SCORE provided to NaphCare and retained a prevailing property interest in certain supplies and equipment used at SCORE. *Id.,* ¶7.3.

**B. Facts Related to Comparative Fault**

No additional specific facts are alleged relating to comparative fault. Comparative fault is an affirmative defense, for which the defendants have the burden of proof. Accordingly, Plaintiffs rely on the *Celotex* standard and hereby direct the Court to the complete lack of evidence relating to comparative fault.

III.   ISSUES PRESENTED

A. Whether SCORE is vicariously liable for NaphCare's errors and omissions related to Damaris's medical treatment at SCORE.

PLAINTIFFS' PARTIAL MOTION FOR SUMMARY
JUDGMENT ON VICARIOUS LIABILITY AND
COMPARATIVE FAULT - 3
2:19-cv-01987-RSM

KRUTCH LINDELL BINGHAM JONES, P.S.
3316 Fuhrman Ave E
Suite 250
Seattle, Washington 98102
TEL. 206.682.1505 • FAX 206.467.1823

1  B. Whether summary judgment is appropriate on the issue of comparative fault, where there
2  is no evidence of any negligence by Damaris or any of the individual plaintiffs.

## IV.   EVIDENCE RELIED UPON

Dkt. 82, Declaration of J. Nathan Bingham in Support of Plaintiff's Motion for Summary Judgment on Tort Liability, Vicarious Liability, and Comparative Fault—previously filed in support of motion that was voluntarily stricken.

## V.   SUMMARY JUDGMENT STANDARD

Fed. R. Civ. P. 56(a) authorizes the Court to grant summary judgment on any claim or part of any claim on which summary judgment as a matter of law is sought.  The Court may "enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g). Under the rules, "partial summary judgment or summary adjudication is appropriate as to specific issues if it will narrow the issues for trial." *Nat'l Union Fire Ins. Co. v. Ready Pac. Foods, Inc.*, 782 F.Supp.2d 1047, 1052 (C.D. Calif. 2011). Entering partial summary judgment "is merely a determination before the trial that certain issues shall be established in advance of the trial." *Lies v. Farrell Lines, Inc.,* 641 F.2d 765, 769 n. 3 (9th Cir. 1981). Partial summary judgment can "avoid a useless trial of facts and issues over which there was never really any controversy." *Id.*  A genuine issue of material fact only exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The initial burden is on the moving party to demonstrate the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). This burden can be met by "showing" there is an absence of evidence supporting the nonmoving party's case. *Id.* at 326. The moving party does not have a burden to produce evidence showing the absence of a genuine issue of material fact.  Rather, the moving party can meet its burden by pointing out to the court the absence of evidence supporting the nonmoving party's case. *Id*. at 323.

PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT ON VICARIOUS LIABILITY AND COMPARATIVE FAULT - 4
2:19-cv-01987-RSM

KRUTCH LINDELL BINGHAM JONES, P.S.
3316 Fuhrman Ave E
Suite 250
Seattle, Washington 98102
TEL. 206.682.1505 • FAX 206.467.1823

VI.   AUTHORITY

**A. SCORE is Vicariously Liable for NaphCare's Tortious Conduct Because it Had an Affirmative and Nondelegable Duty to Provide Competent and Adequate Health Care for Inmates**

SCORE had an affirmative and nondelegable duty to provide competent and adequate health care for Damaris. SCORE's duties to its prisoners arise out of the special relationship between jailers and prisoners. *Gregoire v. City of Oak Harbor*, 170 Wn.2d 628, 639, 244 P.3d 924 (2010). "The duty to the prisoner arises because when one is arrested and imprisoned for the protection of the public, he is deprived of his liberty, as well as his ability to care for himself." *Shea v. City of Spokane*, 17 Wn. App 236, 241-242, 562 P.2d 264 (1977), *aff'd*, 90 Wn.2d 43, 578 P.2d 42 (1987).  A jailer's duty to keep prisoners in heath may not be delegated to an independent contractor. *Id.* at 242.

This issue was directly addressed in *Shea v. City of Spokane*.  In *Shea*, the plaintiff suffered severe spinal injuries at a jail, which were misdiagnosed as alcohol withdrawal.  The Plaintiff alleged negligence by his jailers, other city employees, and the jail physician.  The City (which ran the jail) argued that the City should not be liable for the negligence of the jail physician, who was an independent contractor.  *Id.* at 240.  The court rejected the City's argument, holding that jailers had a special relationship with prisoners which "render[s] nondelegable the duty of providing for the health of a prisoner." *Id.* at 242.

This case is materially identical to the facts addressed in *Shea*.  When SCORE incarcerated Damaris, she had no way to obtain medical care.  Accordingly, SCORE is vicariously liable for NaphCare's negligence.  Furthermore, the contract evidences the fact that SCORE retained extensive control over NaphCare.

**B. There is No Evidence of Comparative Fault**

Pursuant to *Celotex*, Plaintiffs move for summary judgment on the issue of comparative fault based on the lack of any competent evidence to prove any negligence or wrongdoing by Damaris Rodriguez or any of her statutory beneficiaries.  Damaris's arrest was documented in a

PLAINTIFFS' PARTIAL MOTION FOR SUMMARY
JUDGMENT ON VICARIOUS LIABILITY AND
COMPARATIVE FAULT - 5
2:19-cv-01987-RSM

KRUTCH LINDELL BINGHAM JONES, P.S.
3316 Fuhrman Ave E
Suite 250
Seattle, Washington 98102
TEL. 206.682.1505 • FAX 206.467.1823

police report and her incarceration is almost entirely on video. There is no dispute of material fact. Because of this complete failure of evidence, summary judgment is appropriate.

## VI. CONCLUSION

For the aforementioned reasons, Plaintiffs respectfully request that this Court issue an order granting summary judgment finding that SCORE is vicariously liable for NaphCare's torts committed within the scope of the SCORE/NaphCare health services agreement and Plaintiffs are not comparatively at fault.

Respectfully submitted this 29th day of April, 2021.

KRUTCH LINDELL BINGHAM JONES, P.S.

By: /s/ J. Nathan Bingham, WSBA #46325
J. Nathan Bingham, WSBA #46325
Jeffrey C. Jones, WSBA #7670
James T. Anderson, WSBA #40494
3316 Fuhrman Ave E, Suite 250
Seattle, Washington 98102
Telephone: (206) 682-1505
Facsimile: (206) 467-1823
Email: jnb@krutchlindell.com
jcj@krutchlindell.com
jta@krutchlindell.com

TERRELL MARSHALL LAW GROUP PLLC

By: /s/ Toby J. Marshall, WSBA #32726
Toby J. Marshall, WSBA #32726
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email: tmarshall@terrellmarshall.com

*Attorneys for Plaintiffs*

PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT ON VICARIOUS LIABILITY AND COMPARATIVE FAULT - 6
2:19-cv-01987-RSM

KRUTCH LINDELL BINGHAM JONES, P.S.
3316 Fuhrman Ave E
Suite 250
Seattle, Washington 98102
TEL. 206.682.1505 • FAX 206.467.1823

# CERTIFICATE OF SERVICE

The undersigned certifies under penalty of perjury under the laws of the State of Washington that on this date I caused to be served in the manner indicated a copy of the foregoing document upon the following persons:

| | |
|---|---|
| Stewart Andrew Estes<br>KEATING BUCKLIN McCORMACK INC. PS<br>sestes@kbmlawyers.com<br>lwalker@kbmlawyers.com<br>tcaceres@kbmlawyers.com<br><br>John E. Justice<br>LAW LYMAN DANIEL KAMERRER & BOGDANOVICH<br>jjustice@lldkb.com<br>lisa@lldkb.com<br>tam@lldkb.com<br><br>*Attorneys for Defendant South Correctional Entity* | [ ]   Via First Class Mail, postage prepaid<br>[ ]   Via Facsimile<br>[ ]   Via Messenger<br>[X]   Via E-Mail/E-Service |
| Heidi Mandt<br>WILLIAMS KASTNER<br>hmandt@williamskastner.com<br>lpavey@williamskastner.com<br><br>*Attorneys for Defendants NaphCare, Inc., Rebecca Villacorta, Henry Tambe, Nancy Whitney, Billie Stockton, Brittany Martin, Jessica Lothrop, Brooke Wallace, Sally Mukwana, Joan Kosanke, Rita Whitman and Virginia Richardson* | [ ]   Via First Class Mail, postage prepaid<br>[ ]   Via Facsimile<br>[ ]   Via Messenger<br>[X]   Via E-Mail/E-Service |
| Daniel L. Kinerk<br>Raam Wong<br>KING COUNTY PROSECUTOR'S OFFICE<br>dan.kinerk@kingcounty.gov<br>raam.wong@kingcounty.gov<br>jennifer.klein@kingcounty.gov<br>rmunozcintron@kingcounty.gov<br>alindsey@kingcounty.gov | [ ]   Via First Class Mail, postage prepaid<br>[ ]   Via Facsimile<br>[ ]   Via Messenger<br>[X]   Via E-Mail/E-Service |

PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT ON VICARIOUS LIABILITY AND COMPARATIVE FAULT - 7
2:19-cv-01987-RSM

Krutch Lindell Bingham Jones, P.S.
3316 Fuhrman Ave E
Suite 250
Seattle, Washington 98102
TEL. 206.682.1505 • FAX 206.467.1823

| | |
|---|---|
| 1 | *Attorneys for Defendants King County, Leland Adams, Raul Adams and Alan Tag* |
| 2 | |

3   DATED this 29ʰ day of April, 2021.

                                      KRUTCH LINDELL BINGHAM JONES, P.S.

                                      By:  /s/ *Pia Kim*

                                      Pia Kim
                                      3316 Fuhrman Avenue E. Suite 250,
                                      Seattle, Washington 98102
                                      Telephone: (206) 892-3117
                                      pia@krutchlindell.com

PLAINTIFFS' PARTIAL MOTION FOR SUMMARY JUDGMENT ON VICARIOUS LIABILITY AND COMPARATIVE FAULT - 8
2:19-cv-01987-RSM

**KRUTCH LINDELL BINGHAM JONES, P.S.**
3316 Fuhrman Ave E
Suite 250
Seattle, Washington 98102
TEL. 206.682.1505 • FAX 206.467.1823