UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUSSEL H. DAWSON, Personal Representative of the Estate of Damaris Rodriguez, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SOUTH CORRECTIONAL ENTITY ("SCORE"), a Governmental Administrative Agency, et al., <br><br> Defendants. | CASE NO. C19-1987RSM <br><br> ORDER DENYING MOTION TO COMPEL |

This matter comes before the Court on Plaintiffs' "Motion to Compel Discovery Related to Falsified Welfare Checks," filed on April 29, 2021. Dkt. #108. Plaintiffs seek three things: a complete response to their Interrogatory No. 14, an unredacted copy of the "Executive Summary" report, and a second deposition of internal affairs investigator John DiCroce where Defendant SCORE's attorney-client and work product objections are overruled. *Id.* No party has requested oral argument.

SCORE raises a threshold issue, arguing that Plaintiffs have failed to satisfy Local Civil Rule 37's meet and confer requirement. The parties generally agree as to the timing of their communications. According to Plaintiffs:

ORDER DENYING MOTION TO COMPEL - 1

> On April 21, 2021, the parties held their most recent discovery conference via telephone. John Justice was on the call for SCORE and James Anderson and Nathan Bingham were on the call for the Plaintiffs. During this call the parties discussed a number of items, including Interrogatory No. 14. Plaintiffs' counsel agreed to hold off on a motion to compel if SCORE committed to providing the substantive response by the next week. SCORE's counsel indicated that SCORE would substantively respond. On April 27, 2021, SCORE supplemented its interrogatory responses again but in its answer to Interrogatory No. 14, it reasserted its objection and provided no substantive information, whatsoever. Anderson Decl., ¶16-17.
>
> Counsel also conferred extensively on matters related to the executive report and SCORE's privilege objection during the video deposition of Chief DiCroce, both on and off the record. *See, e.g.*, DiCroce Dep. at 27:20-28. Present for all or part of that video meeting were witness John DiCroce, Nathan Bingham (Plaintiffs), Stew Estes (SCORE), John Justice (SCORE), Heidi Mandt (NaphCare), Raam Wong (King County), and a court reporter. Anderson Decl., ¶18.

Dkt. #108 at 7. After the April 27 supplemental response to Interrogatory No. 14, Plaintiffs' counsel did not seek to confer again before filing the instant Motion two days later. Dkt. #111 ("Justice Decl."), ¶ 7. Other than at the above deposition of Mr. DiCroce, Plaintiffs counsel has not conferred with SCORE's counsel about obtaining an unredacted copy of the Executive Summary or taking a second deposition to avoid filing the instant Motion. *Id*. at ¶ 4.

Local Civil Rule 37 states:

> Any motion for an order compelling disclosure or discovery must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference.

LCR 37(a)(1). It has been stated in this District that a "good faith effort to resolve discovery disputes requires an exchange of information until no additional progress is possible." *Beasley v. State Farm Mut. Auto. Ins. Co.*, 2014 U.S. Dist. LEXIS 41518, 2014 WL 1268709, at *1 (W.D. Wash. Mar. 25, 2014).

The Court finds Plaintiffs have failed to satisfy LCR 37's meet and confer requirement. It is insufficient for Plaintiffs to point to a discovery conference *prior* to SCORE supplementing its answer to Interrogatory No. 14. A change to the answer changes the dispute. Likewise, the Court finds that Plaintiffs counsel's objections and SCORE's counsel's few sentences in response during the March, 19, 2021, deposition do not count as a "conference" and are too far removed in time from the filing of the instant Motion to satisfy the rule. All this establishes is that there was a dispute between the parties, not that the parties, in good faith, met and conferred about it in an effort to avoid Court action. Plaintiffs' vague reference to discussions that occurred "off the record" do not help them satisfy this requirement either.

Given the above, this Motion will be denied. However, in the interest of judicial economy, the Court will point out that it would deny this Motion as to Interrogatory No. 14. SCORE provided the following answers:

> INTERROGATORY NO. 14: Did the welfare checks conducted on Damaris during her incarceration comply with SCORE's policies? If not, explain why not. The term "welfare checks" includes, but is not limited to, offers of water.
>
> ANSWER: Objection, this interrogatory is compound and seeks a legal conclusion and information that is protected attorney work product.
>
> SUPPLEMENTAL ANSWER: SCORE is further evaluating your position on whether it is necessary to supplement this Interrogatory and I anticipate providing an Answer within 30 days.
>
> SECOND SUPPLEMENTAL ANSWER: Without waiving prior objections, yes.

ORDER DENYING MOTION TO COMPEL - 3

Dkt. #109-1 at 2. The Court agrees with Defendant SCORE that it has adequately responded to interrogatory 14 with its answer "yes." *See* Dkt. #110 at 11 ("[i]f the answer was in the affirmative, no other information was asked…. [i]f the answer was 'no', SCORE was asked to explain further."). This interrogatory does not request further information. There is no basis for the Court to compel a further response to this interrogatory.

Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that Plaintiffs' Motion to Compel, Dkt. #108, is DENIED. This is the fourth motion to compel that has come before the Court in this case. The Court urges counsel to make every effort to resolve future discovery issues out of Court.

DATED this 8th day of June, 2021.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE