1

2

3

4

5

6

The Honorable Ricardo S. Martinez

7                    UNITED STATES DISTRICT COURT FOR THE
                        WESTERN DISTRICT OF WASHINGTON
8

9   RUSSELL H. DAWSON, Personal                    No. 2:19-cv-01987-RSM
    Representative of the Estate of Damaris
10  Rodriguez; REYNALDO GIL; JOSE
    MARTE; A.G.; I.G.; S.G.; D.G.,
11
                              Plaintiffs,
12
            v.
13
    SOUTH CORRECTIONAL ENTITY
14  ("SCORE"), a Governmental Administrative      DEFENDANT SCORE'S RENEWED
    Agency; PENNY BARTLEY; JIM KELLY;             MOTION FOR SUMMARY
15  TODD BARKER; BRITTNEY PALMORE;                JUDGMENT
    BRANDON HEATH; PEDRO SANTOS;
16  MANDI JARAMILLO; WILLIAM WOO;                 NOTE ON MOTION CALENDAR:
    BENDA SCOTT a/k/a BRENDA SCOTT;              Friday, October 15, 2021
17  ETHAN GLOVER; CHRISTOPHER FOY;
    JANE DORE; COLMINTON ALLEN;
18  AARON SEIPP; SCORE JOHN DOES 1-
    10; NAPHCARE, INC., an Alabama
19  Corporation; REBECCA VILLACORTA;
    HENRY TAMBE; NANCY WHITNEY;
20  BILLIE STOCKTON; BRITTANY
    MARTIN; JESSICA LOTHROP; BROOKE
21  WALLACE; SALLY MUKWANA; JOAN
    KOSANKE; RITA WHITMAN; VIRGINIA
22  RICHARDSON; NAPHCARE JOHN
    DOES 1-10; KING COUNTY, a political
23  subdivision of the State of Washington;
    RAUL ADAMS; LELAND ADAMS;
24  ALAN TAG,

25                            Defendants.

26

27

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

## I.    MOTION

Defendant South Correctional Entity ("SCORE"), by and through its attorneys of record, move this Court pursuant to Fed.R.Civ.P. 56 for an order of partial summary judgment dismissing all of Plaintiffs' liability claims against SCORE.[1]  If this motion is granted, no direct liability claims will remain against SCORE, and no questions related to SCORE's direct liability should be posed to the jury. Plaintiffs also contend that Washington law renders SCORE *vicariously* liable for any medical negligence committed by NaphCare. But, respondeat superior is not a substantive cause of action – it operates as a legal rule. This claim should be dismissed as well.

This motion is substantially similar to the motion initially filed as *Dkt. No*. 145. A partial compromise of claims against SCORE made many of the arguments raised in *Dkt. No. 145* moot; those now-irrelevant arguments are not included herein.[2] Pursuant *Dkt. No*. 164 (stipulation allowing SCORE to re-note its motion), SCORE is re-noting this updated motion, which only addresses the limited issues that are in controversy.

## II.    STATEMENT OF FACTS

On December 30, 2017, Damaris Rodriguez was arrested for Assault 4 – Domestic Violence, and transported to the South Correctional Entity (SCORE) Jail and received at approximately 2:40 p.m. *Dkt. No*. 146, *DiCroce Dec., Exh*. 1. At intake, Ms. Rodriguez was uncooperative and her behavior was indicative of potential drug intoxication, mental illness, or both. SCORE contracts with a private health care company, NaphCare, to provide both medical and mental health care to the individuals in its custody. *Id.*

NaphCare medical personnel were aware of Ms. Rodriguez and saw her numerous times while she was in custody. *Id., ex.* 2. Plaintiff have alleged that NaphCare's negligence

[1]  This motion addresses both the "direct" liability claims against SCORE -- the claims that allege correctional officers' failures, and the "vicarious" liability claims for medical negligence claims against Defendant NaphCare for which Defendant SCORE might have liability. *See, Plaintiffs' Motion for Partial Summary Judgment on Vicarious Liability, Dkt.* 106 (pending). This is based on a "non-delegable duty" that Plaintiffs characterized as creating vicarious liability.
[2] The Court recently entered an Order dismissing all of the individual SCORE Defendants, and all claims against SCORE except for the state law negligence causes of action. *Dkt. No.* 204

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

1    in the provision of medical and mental health care proximately caused Damaris's eventual

2    death. *See* Plaintiffs' motion for summary judgment, Dkt. 153. Although there have been

3    extensive expert opinions disclosed in this case, there is no competent evidence proving that

4    SCORE's alleged wrongdoing was a proximate cause of Ms. Rodriguez's death. Further,

5    there is no competent evidence that SCORE was negligent in hiring NaphCare or training

6    NaphCare's employees.

7                          **III.    LAW AND ARGUMENT**

8    **A.    Standards on Summary Judgment.**

9          Summary judgment "is an important procedure 'designed to secure the just, speedy

10   and inexpensive determination of every action.'" *Smith v. Board of County Commissioners*,

11   216 F.Supp.2d 1209, 1213-1214 (D. Kan. 2002), quoting, *Celotex Corp. v. Catrett*, 477

12   U.S. 317, 106 S.Ct. 2548 (1986). Under FRCP 56(c), summary judgment should be granted

13   if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a

14   judgment as a matter of law." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247, 106 S.Ct.

15   2505 (1986). The "mere existence of some alleged factual dispute between the parties will

16   not defeat an otherwise properly supported motion for summary judgment . . . Only

17   disputes over facts that might affect the outcome of the suit under the governing law will

18   properly preclude the entry of summary judgment. Factual disputes that are irrelevant or

19   unnecessary will not be counted." 477 U.S. at 247-248.

20         The "party opposing a properly supported motion for summary judgment may not

21   rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts

22   showing that there is a genuine issue for trial." 477 U.S. at 248, quoting, *First National

23   Bank of Arizona v. Cities Service Co*., 391 U.S. 253, 288-289, 88 S.Ct. 1575 (1968)

24   (emphasis added.) When "the nonmoving party has the burden of proof at trial, the moving

25   party need only point out 'that there is an absence of evidence to support the nonmoving

26   party's case.'" *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001). *See also Fairbank

27   v. Wunderman Cato Johnson*, 212 F.3d 528, 532 (9th Cir.2000) (holding that the *Celotex*

DEF SCORE'S RENEWED M.S.J. - 3
2:19-cv-01987-RSM
1002-01502/557501

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

"showing" can be made by "pointing out through argument--the absence of evidence to support plaintiff's claim").

**B.    Plaintiffs Last Remaining Claims Against SCORE For State Law Negligence Should Be Dismissed.**

**1.    Plaintiffs Cannot Establish Duty, Breach or Causation as to Their Direct <u>or</u> Vicarious Liability Claims.**

Plaintiffs set out two separate negligence causes of action, *See, FAC, Dkt.* 49. The first states merely "All Defendants had a duty of reasonable care to Damaris, breached that duty, and proximately caused Plaintiff's damages." Id. at ¶ 227. These allegations are without merit.

First, there is no evidence that anything that SCORE or its employees did was negligent. Ms. Rodriguez was booked and when her behavior became noticeable, a NaphCare mental health professional was promptly notified. And a nurse attempted to evaluate her in the booking wing within three hours of her arrival, and three more times the following morning. After this time, any concerns are regarding medical treatment (which is directed at NaphCare). *See, supra.*

More importantly, this is a medical malpractice cause of action, and can only be -- and has only been -- brought against NaphCare. None of Plaintiffs' experts have offered any foundational medical malpractice opinions against SCORE. This is required under the statute. In a medical malpractice claim, a plaintiff needs testimony from a medical expert to establish two required elements—standard of care and causation. RCW 7.70.040; *Grove v. PeaceHealth St. Joseph Hosp.*, 182 Wn.2d 136, 144, 341 P.3d 261 (2014).

This is fatal to Plaintiffs' first negligence claim. This claim should be dismissed.

**2.    Plaintiffs Cannot Advance a Claim for Direct Liability for Negligent Failure To Train or Negligent Hiring Because Defendant SCORE's Employees Acted Within The Scope of Their Employment.**

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

The second cause of action alleges that SCORE "failed to train" its employees, and that SCORE was negligent in "hiring" NaphCare. Id., at 232, 234. To the extent that Plaintiffs second cause of action makes any allegations directly against SCORE, there is no evidence to support them. See above.

Nor are these authorized theories under Washington law: negligent training and hiring claims do not apply unless the agent was acting *outside* the scope of their employment. But, Plaintiffs allege SCORE is liable for its employees conduct "which at all relevant times was within the course and scope of their employment." *FAC, Dkt.* 49, at ¶¶26, 34, 35.

The cause of action for negligent hiring was created to address "the need for such a cause of action in cases where the employee acted outside the scope of his or her employment, thereby rendering liability under *respondeat superior* unavailable*." Lee ex rel. Estate of Lee v. J.B. Hunt Transport, Inc*., 308 F.Supp.2d 310, 314 (S.D.N.Y. 2004) (emphasis in original). Washington courts have reached the same conclusion:

> An employer is generally vicariously liable for negligent acts of an employee conducted *within the scope* of employment. When an employee causes injury by acts *beyond the scope* of employment, an employer may be liable for negligently supervising the employee.

*Gilliam v. Dep't of Soc. & Health Servs.,* 89 Wn. App. 569, 584-85, 950 P.2d 20, *review denied*, 135 Wn.2d 1015 (1998) (emphasis supplied). *Peck v. Siau*, *supra* at 294 ("The Restatement (Second) of Torts § 317 describes the liability of an employer for conduct of an employee committed *outside the scope of employment*.") (emphasis supplied). [3]

Any claims for direct negligence for failure to train or hiring should be dismissed.

---

[3] See also, *Scott v. Blanchet High Sch*., 50 Wn. App. 37, 43, 747 P.2d 1124 (1987), *review denied*, 110 Wn.2d 1016 (1988); *Peck v. Siau*, 65 Wn. App. 285, 288, 827 P.2d 1108, *review denied*, 120 Wn.2d 1005, 838 P.2d 1142 (1992)); and, Restatement (Second) of Torts § 317(b)(ii).

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX: (206) 223-9423

### 3.   Vicarious Liability Is Not a Substantive Cause of Action.

Plaintiffs' second cause of action also alleges that SCORE is vicariously liable for the medical negligence committed by NaphCare defendants. *FAC, Dkt.* 49, at ¶228 ("SCORE, SCORE Employee Defendants, NaphCare, and NaphCare Employee Defendants had an affirmative duty to protect Damaris and facilitate or provide her with adequate medical care, mental health care, and/or nursing care. This duty was non-delegable and applicable to both SCORE and NaphCare while Damaris was in the custody of SCORE.").

This claim is distinct from SCORE itself committing any act of negligence. And Plaintiffs may only assert vicarious liability claims against SCORE for its own employees' negligent actions (of which there was none). SCORE's vicarious liability for the acts of NaphCare, if any, would occur by operation of law. This is not a substantive cause of action.

"Respondeat superior is a common law principle of secondary liability and generally 'summarizes the doctrine that a master or other principal is responsible, under certain conditions, for the conduct of a servant or other agent.'" *Hollinger v. Titan Capital Corp*, 914 F.2d 1564, 1576–77 n. 28 (9th Cir.1990) (citation omitted). *See also, Fulbright v. Dayton Sch. Dist. No. 2,* 13-CV-0030-TOR, 2013 WL 1497388, at *6 (E.D. Wash. 2013) ("to the extent that Plaintiffs allege respondeat superior as a separate cause of action, the claim is dismissed.").

Any claim of vicarious liability based on SCORE's non-delegable duty to provide medical care is not legally viable and should be dismissed.

## IV.   CONCLUSION

All of Plaintiffs' remaining claims against SCORE should be dismissed. First, as to claims of direct negligence there is no evidence that SCORE was negligent or that any alleged negligence proximately caused Ms. Rodriguez's death. And, Plaintiffs cannot assert a negligent training or hiring claim because SCORE's employees acted within the scope of their employment. Second, as to any vicarious liability claims based on a non-delegable

DEF SCORE'S RENEWED M.S.J. - 6
2:19-cv-01987-RSM
1002-01502/557501

KEATING, BUCKLIN & MCCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423

duty, this is not a substantive cause of action; it is a legal principle. Accordingly, SCORE requests that the Court grant its motion for summary judgment on all of Plaintiffs' claims against SCORE.

DATED:  September 23, 2021

KEATING, BUCKLIN & McCORMACK, INC., P.S.


By: */s/ Stewart A. Estes*
Stewart A. Estes, WSBA No. 15535
Attorneys for Defendant SCORE

801 Second Avenue, Suite 1210
Seattle, WA  98104
Phone: (206) 623-8861
Fax:    (206) 223-9423
Email: sestes@kbmlawyers.com

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX:  (206) 223-9423

# CERTIFICATE OF SERVICE

I hereby certify that on the below date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

**Attorneys for Defendant SCORE**

John E. Justice, WSBA No.  23042
Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.
P.O. Box 11880
Olympia, WA  98508-1880
(360) 754-3480
Fax: (360) 357-3511
Email:  jjustice@lldkb.com; TMonroe@lldkb.com
lisa@lldkb.com; tam@lldkb.com

**Attorneys for Plaintiffs**

J. Nathan Bingham, WSBA No. 46325
Jeffrey C. Jones, WSBA No. 7670
James T. Anderson, WSBA No. 40494
Krutch Lindell Bingham Jones, PS
3316 Fuhrman Ave. E, Suite 250
Seattle, WA  98102
Telephone: (206) 682-1505
Facsimile: (206) 467-1823
Email:  jnb@krutchlindell.com; jcj@krutchlindell.com
jta@krutchlindell.com; karmen@krutchlindell.com
mkc@krutchlindell.com

**Attorneys for Plaintiffs**

Toby J. Marshall, WSBA No. 32726
TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
Telephone: (206) 816-6603
Facsimile: (206) 319-5450
Email:  tmarshall@terrellmarshall.com; jnuss@terrellmarshall.com
hrota@terrellmarshall.com; filing@terrellmarshall.com

**Attorneys for Defendants NaphCare, Inc., Rebecca Villacorta, Henry Tambe, Nancy Whitney, Billie Stockton, Brittany Martin, Jessica Lothrop, Brooke**

DEF SCORE'S RENEWED M.S.J. - 8
2:19-cv-01987-RSM
1002-01502/557501

KEATING, BUCKLIN & McCORMACK, INC., P.S.
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE: (206) 623-8861
FAX:  (206) 223-9423

1  **Wallace, Sally Mukwana, Joan Kosanke, Rita Whitman and Virginia Richardson**

2  Heidi L. Mandt, WSBA No.  26880

3  WILLIAMS KASTNER
   1515 SW Fifth Avenue, Suite 600

4  Portland, OR 97201-5449
   Telephone: (503) 228-7967

5  Fax: (503) 222-7261

6  Email:  hmandt@williamskastner.com; lpavey@williamskastner.com

7  **Attorneys for Plaintiffs**

8  Matthew K. Clarke, PHV, OSB 022758
   Krutch Lindell Bingham Jones, PS

9  5 Centerpointe Drive, Suite 400

10 Lake Oswego, OR  97035
   Telephone: (503) 210-1987

11 Email:  mkc@krutchlindell.com

12

13 and I hereby certify that I have mailed by United States Postal Service the document to the

14 following non-CM/ECF participants:  N/A.

15

16 DATED:  September 23, 2021

17

18                                                  /s/ Stewart A. Estes
                                                    Stewart A. Estes, WSBA No. 15535

19

20

21

22

23

24

25

26

27

DEF SCORE'S RENEWED M.S.J. - 9
2:19-cv-01987-RSM
1002-01502/557501

**KEATING, BUCKLIN & McCORMACK, INC., P.S.**
ATTORNEYS AT LAW
801 SECOND AVENUE, SUITE 1210
SEATTLE, WASHINGTON 98104
PHONE:  (206) 623-8861
FAX:  (206) 223-9423