UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUSSEL H. DAWSON, Personal Representative of the Estate of Damaris Rodriguez,<br><br>Plaintiff,<br><br>v.<br><br>NAPHCARE, INC., an Alabama Corporation, et al.,<br><br>Defendants. | Case No. C19-1987RSM<br><br>ORDER DENYING MOTION TO AMEND AGREED PRETRIAL ORDER |

This matter comes before the Court on Defendants NaphCare, Inc., Rebecca Villacorta, Henry Tambe, Nancy Whitney, Billie Stockton, Brittany Martin, Brooke Wallace, Sally Mukwana, Joan Kosanke, and Rita Whitman ("the NaphCare defendants")'s Motion for Leave to Amend the Pretrial Order. Dkt. #238. The Court has determined it can rule on this Motion without responsive briefing and, given the proximity to trial, will do so immediately.

Defendant Rebecca Villacorta has "developed a serious health issue that will likely limit her ability to participate as a witness at trial." *Id*. at 2. The health issue is not disclosed in the Motion in order to protect Ms. Villacorta's privacy. *See id*. at n.1. The only further detail

ORDER DENYING MOTION TO AMEND AGREED PRETRIAL ORDER - 1

provided is that her medical needs limit her "ability to withstand the normal rigors of preparing for, attending, and testifying at a trial that is likely to last 2-to-3 weeks." *Id*. at 4.

Defendants move for leave to designate a replacement witness, Dr. Jeffrey Alvarez. Dr. Alvarez is the Chief Medical Officer for NaphCare. He "formerly served as the Regional Medical Officer for NaphCare in the region that included SCORE." *Id.* at 3. The Court assumes from this that he was not at the SCORE facility when any of the underlying facts happened. Dr. Alvarez has not been previously disclosed or deposed in this case. Defendants contend that Ms. Villacorta's medical condition became known to counsel "just recently" after certain unnamed deadlines had passed and that good cause exists to amend the Court's Scheduling Order and the Agreed Pretrial Order.

Good cause has not been established to do anything. Defendants have failed to provide any details as to Ms. Villacorta's medical condition that would allow the Court to understand why she is suddenly unable to testify on the eve of trial. Defendants are vague as to when they became aware of the medical condition.

The Court does not understand how Ms. Villacorta's unavailability would justify reopening discovery to depose Dr. Alvarez and adding him as a trial witness on the eve of trial. Rather, the obvious course of action, unaddressed by Defendants, would be to permit the use of deposition designations for this unavailable witness. Rule 32 contemplates this exact scenario. *See* Fed. R. Civ. P. 32(a)(4) ("A party may use for any purpose the deposition of a witness, whether or not a party, if the court finds…. the witness cannot attend or testify because of age, illness, infirmity, or imprisonment…"). Of course, because Ms. Villacorta is a party, her deposition may be used against her even if she is available to testify, if otherwise permitted by the Court. Fed. R. Civ. P. 32(a)(1).

ORDER DENYING MOTION TO AMEND AGREED PRETRIAL ORDER - 2

Defendants fail to address deposition designations. Defendants fail to adequately explain why Dr. Alvarez's testimony is helpful to this case, or how it could possibly replace the testimony of Ms. Villacorta, who oversaw the staff at the SCORE facility and who was consulted on the condition of Ms. Rodriguez. *See* Dkt. #197 at 7–8 ("it was explained to Ms. Villacorta, [that] Rodriguez [was] vomiting water and [it was] decided to move her to a dry cell due to concerns about the overconsumption of water" and… "Ms. Villacorta agreed that was the appropriate step to take."). Defendants do argue that "Dr. Alvarez would provide… defendants with the ability to present live testimony as to key facts and circumstances related to NaphCare's polices and administrative processes at SCORE." Dkt. #238 at 4. But Defendants already have that ability through their existing standard of care expert witness and corporate representative fact witness. *See* Dkt. #227.

Given all of the above, the Court finds that none of the requested relief is warranted and that granting such relief would prejudice Plaintiff. Having reviewed the relevant briefing and the remainder of the record, the Court hereby finds and ORDERS that the NaphCare Defendant's Motion for Leave to Amend the Pretrial Order, Dkt. #238, is DENIED.

DATED this 24th day of January, 2022.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE