The Honorable Ricardo S. Martinez

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RUSSELL H. DAWSON,<br><br>                Plaintiff,<br><br>vs.<br><br>NAPHCARE, Inc., et al.,<br><br>                Defendants. | NO. 2:19-cv-01987-RSM<br><br>DECLARATION OF J. NATHAN BINGHAM IN SUPPORT OF JOINT PETITION FOR APPROVAL OF NAPHCARE SETTLEMENT |

I, James Nathan Bingham, make this Declaration based on my personal knowledge, and I am competent to testify to the contents set forth herein:

1. I am an attorney with Krutch Lindell Bingham Jones, P.S., attorneys for Plaintiffs in the above-captioned matter.

2. This declaration is made in compliance with SPR Rule 98.16W(g).

3. A true and accurate copy of my law firm's fee agreement relating to our representation of the Plaintiffs is attached hereto as Appendix A.

4. The contractual fee agreement is for 1/3 of the gross recovery. Based on the gross recovery of $5,480,000 from the settlement with the NaphCare defendants, our fee is $1,826,666.66.

5. I believe a 1/3 contingency fee is reasonable and standard for these claims.

DECLARATION OF J. NATHAN BINGHAM IN SUPPORT OF
JOINT PETITION FOR APPROVAL OF NAPHCARE
SETTLEMENT - 1
2:19-cv-01987-RSM

**KRUTCH LINDELL BINGHAM JONES, P.S.**
3316 Fuhrman Ave E
Suite 250
Seattle, Washington 98102
TEL. 206.682.1505 • FAX 206.467.1823

6. My law firm has a joint prosecution/co-counsel agreement with Terrell Marshall Law Group, whereby our firms will split the fee in proportion to the services provided. This joint prosecution/co-counsel agreement was approved by our client in accordance with RPC 1.5 and has no effect on the total amount of the fee. Accordingly, we are requesting that the Court simply approve the disbursement of the total fee amount.

7. A true and accurate copy of my law firm's advanced litigation costs relating to our representation of Plaintiff is attached to Ms. White's report as Exhibit B. This list of costs includes only those that were not reimbursed out of the prior partial compromise with the SCORE defendants.

8. Considering the nature and complexity of these claims, I believe the costs my law firm advanced were reasonable and necessary for this litigation.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct.

SIGNED this 18th day of February, 2022, in Seattle, WA.

/s/ *J. Nathan Bingham*
J. Nathan Bingham, WSBA #46325

DECLARATION OF J. NATHAN BINGHAM IN SUPPORT OF JOINT PETITION FOR APPROVAL OF NAPHCARE SETTLEMENT - 2
2:19-cv-01987-RSM

KRUTCH LINDELL BINGHAM JONES, P.S.
3316 Fuhrman Ave E
Suite 250
Seattle, Washington 98102
TEL. 206.682.1505 • FAX 206.467.1823

# APPENDIX A

<u>KRUTCH, LINDELL, BINGHAM, JONES, P.S.</u>

<u>ATTORNEY-CLIENT CONTINGENT FEE AGREEMENT</u>

CLIENT(S): Russell Dawson as Personal Representative of the Estate of Damaris Rodriguez

MATTER: Claims relating to the death of Damaris Rodriguez on or about 1/4/2018.

Client, having contracted to employ Attorneys, KRUTCH, LINDELL, BINGHAM, JONES, P.S. and J. Nathan Bingham, to represent Client as legal counsel for all purposes in connection with injuries and damages arising out of the above-referenced matter, and Attorneys having accepted the employment, it is mutually agreed that Attorneys shall be compensated on the following contingent basis:

> One-third (33.33%) of all money recovered as a result of trial or settlement of the case;

> In the event of appeal or re-trial of the case, the fee shall be subject to re-negotiation but in no event shall it be less than 40%.

It is understood that the compensation provided for above to Attorneys is the sole compensation to be paid to them and that if nothing is recovered, Client is under no obligation to pay Attorneys any fees. Attorneys' fees are to be determined on the basis of the gross amount of money recovered or awarded before any deductions are made for costs advanced or expenses incurred.

It is understood that the attorneys may advance costs that may be required to properly and adequately investigate the case and prepare the case for settlement or trial and that all such costs reasonably advanced will be reimbursed by the Client upon request by the attorneys during the pendency of the case, at the time of settlement or at the conclusion of litigation.

I have been advised that if I seek damages for a personal injury, RCW 5.60.060 requires that I waive physician-patient privilege for all physicians and conditions, allowing the Defendant(s), after notice to my attorneys and opportunity to object, to examine any medical record of the physicians of decedent, and survivors to the extent relevant to claimed damages.

I have also been advised that, pursuant to RCW 4.24.005, I have the right to petition the court in which the action will be brought to determine the reasonableness of your attorneys' fees should I elect to do so.

Forms

Clients also authorize Attorneys to retain and or associate with other law firms for the purpose of prosecuting this case, and to share with said associated attorneys or law firms, as Attorneys deem appropriate, any fee paid to Attorneys as a result of a recovery on behalf of Clients. Said association will not increase the fee paid by Clients as set forth above, unless otherwise agreed upon between Clients and Attorneys. However, In the case of a wrongful death claim, or in the case of a defendant who is deceased, additional attorney fees may be incurred as a result of the necessity of retaining in-state or out of state attorneys to commence a probate on behalf of client's decedent, or on behalf of the defendant, or to file claims in the defendant's probate action, which fees would be the responsibility of Clients, although they may be advanced by Attorneys.

At the conclusion of representation, Attorneys may destroy any copies of Client's medical records and billings in their possession by shredding or other suitable means designated to make the information contained therein unrecoverable. If Client wishes to retain their medical records and bills, arrangements should be made with Attorneys prior to the conclusion of representation.

Attorneys will initially investigate Client's case and if, after so investigating, Client's case does not appear to Attorneys to have merit, Attorneys shall have the right to cancel this Contingent Fee Agreement, in which case, no attorney fee would be due from Clients.

Dated this 20th day of July, 2018.

ATTORNEYS:

KRUTCH LINDELL BINGHAM JONES, P.S.
One Union Square
600 University Street, Suite 1701
Seattle, WA 98101
Tel: (206) 682-1505

By: _____
J. Nathan Bingham

CLIENT:

Russell Dawson
600 University Street, Suite 1701
Seattle, WA 98101
Tel: 206-623-2470

By: _____
Russell Dawson as Personal Representative of the Estate of Damaris Rodriguez